UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-20028-LENARD/Turnoff

TATIANA MARCEL,

    Plaintiff,

v.

METRO-DADE POLICE DEPARTMENT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 **[DE 1]**, and Plaintiff's Application to Proceed Without Prepayment of Fees **[DE 3]**. These matters were referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 7]**. The undersigned has considered the record, the applicable law, and is otherwise duly advised in the premises.

### Background

*Pro se* Plaintiff Tatiana Marcel instituted a civil rights action, pursuant to 42 U.S.C. § 1983, against the Metro Dade Police Department [now known as the Miami-Dade Police Department] and the following individuals: Detective E. Torga, Lt. Rodriguez, Sgt. Tabernero, Officers Carballosa, Baldwin, Martos, Romero, Camacho, Villa, Gallardo,

Marcel v. Metro Dade Police Dept.
Case No. 10-CV-20028-JAL/Turnoff

Scminger, Marki, Gonzalez, Palacio, E. Torga[1], Carbaloosa[2], Riley, and Wilt. She seeks damages for mental anguish and emotional distress, as well as punitive damages and property damages.

Marcel's handwritten *pro se* Complaint alleges that, on more than one occasion, the above-referenced officers forcefully entered her residence looking for Plaintiff's then-roommate, without her consent and without providing identification or a search warrant, in violation of her constitutional rights. She alleges that her two sons, then ages four and five, were so traumatized by the officers pointing guns at their heads that they have required psychotherapy.

According to Plaintiff, she filed a complaint with internal affairs of the police department and was advised that an investigation had to be conducted to determine if Plaintiff's roommate had a warrant for his arrest at the time the police entered her residence. Plaintiff alleges that she was supposed to give a statement and be interviewed, which never occurred. After eight months, Plaintiff was advised that her case had been closed. She then filed her Complaint along with an Application to Proceed Without Prepayment of Fees.

---

[1] Appears to be a repetition of an already-named defendant.

[2] Appears to be a misspelling of an already-named defendant.

CASE NO. 10-CV-60130-LENARD/Turnoff

**28 U.S.C. § 1915**

Pursuant to § 1915(a)(1), a court may authorize a *pro se* plaintiff to proceed *in forma pauperis* upon first determining the threshold issue of economic eligibility. 28 U.S.C. § 1915(a)(1). Once the plaintiff's economic eligibility is established, the Court is required to determine, *inter alia*, whether the plaintiff's complaint is frivolous or malicious, and/or fails to state a claim, and, therefore, is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(I-ii). Such a determination by the court necessitates dismissal, even if a plaintiff proves indigency. Id.

**Discussion**

**A.     The IFP Application**

Marcel's application to proceed *in forma pauperis* was completed under penalty of perjury on a form provided by the Clerk of the Southern District of Florida. **[DE 3]**. An affidavit filed in support of an IFP motion should be accepted "absent a serious misrepresentation." Martinez, 364 F.3d at 1307. Marcel swears that she is "unable to pay the costs of these proceedings." **[DE 3]**. She provides answers to six questions regarding her employment, income from any source, whether she has cash, bank accounts, real property, etc., and whether she has any dependents. The form does not solicit information regarding her expenses and liabilities.

In the Application, Marcel states that she is employed by Elite Protective Services where she earns an hourly wage of $8.25 on a bi-weekly basis. However, Marcel fails to

indicate how many hours per week she works. She denies deriving income from any other sources and denies having any cash or checking or savings accounts, or owning any real estate, stocks, bonds, securities or other financial instruments, automobiles, or anything else of value. She listed her two sons as dependents and stated that she contributes $180 toward the support of each but failed to state with what frequency.

Without an adequate figure for her income and without a listing of Marcel's liabilities and expenses, the undersigned is unable to compare her assets with her liabilities to determine whether she satisfies the poverty requirement. Thus, the undersigned finds that the application is insufficient, on its face, to establish her economic eligibility to proceed *in forma pauperis*.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Application to Proceed *in forma pauperis* **[DE 3]** be **DENIED** without prejudice.

Although Marcel's economic eligibility has not been established, because a court shall dismiss an IFP action at any time that it determines same is frivolous or fails to state a claim, the undersigned nevertheless conducted a review of Marcel's Complaint. 28 U.S.C. § 1915(e)(2)(B)(I-ii). In performing the court's screening function under § 1915(e)(2)(B), the court applies the same standard as in a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Garcia v. Miami Beach Police Dept., 336 Fed. Appx. 858, 59 (11th Cir. 2009); Tisdale v. Metro Dade Corrections, No. 10-20902-CIV-KING, 2010 WL 2103026, at *1 (S.D. Fla. Apr. 21, 2010).

Moreover, courts must give greater leeway to *pro se* plaintiffs in reviewing their complaints and hold them to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

**B.     The Complaint**

Marcel brings her complaint against the Metro Dade Police Department and various officers pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983 for a Fourth Amendment violation, a plaintiff must allege that the defendants conducted an unreasonable search. Samson v. California, 547 U.S. 843, 848 (2006). Liberally construed, Plaintiff alleges that the Defendants violated her and her children's Fourth Amendment right to be free from unreasonable searches by conducting a warrantless search of her residence without her consent.

A claim under § 1983 entails a showing that Defendants deprived Plaintiff of a constitutional right and that the deprivation was committed under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Almand v. DeKalb County, Georgia, 103 F.3d 1510, 151 (11th Cir. 1997). Under Florida law, the "Police Department does not have the capacity to sue or be sued." Masson v. Miami-Dade County, 738 So.2d 431, 432 (Fla. 3d DCA 1999); Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit"); Dean

CASE NO. 10-CV-60130-LENARD/Turnoff

v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("The question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under Monell and section 1983, but whether the Department is a legal entity subject to suit"). Thus, the undersigned **RECOMMENDS** that the Metro Dade Police Department be **DISMISSED** as a party to this action.

Under § 1983, a suit against a public official in his official capacity is actually an action against the local governmental entity of which the officer is an agent. Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). In order to establish a cause of action under § 1983 against the Officers in their official capacities, Marcel cannot simply allege that Defendants, acting under color of state law, deprived her of a federal right. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Marcel must demonstrate that a Metro Dade Police Department policy or custom provided the basis for the alleged deprivation of a federal right. Id. Here, Marcel fails to allege that a custom or policy of the Police Department led to the alleged constitutional violations. Even if the Officers' actions were construed as violating Marcel's constitutional rights under the Fourth Amendment, their actions, alone, do not constitute a custom or policy of the Metro Dade Police Department. See, Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970). Moreover, the doctrine of *respondeat superior* does not apply in § 1983 cases. Monell, 436 U.S. at 691. There must be a direct link between the alleged

CASE NO. 10-CV-60130-LENARD/Turnoff

constitutional violation and the municipal policy or custom. <u>Snow v. City of Citronelle</u>, 420 F.3d 1262, 1271 (11th Cir. 2005). As Marcel fails to provide any legal or factual allegations to this effect, she fails to state a claim against the Officers in their official capacities.

From the face of the Complaint, it is unclear whether Marcel intended to proceed against the Officers in their individual capacities. If Plaintiff intended to sue those Officers in their individual capacities, then they are entitled to "the benefit of this knowledge in order to present an effective defense." <u>Comeau v. Volusia County</u>, 09-CV-1907, 2010 WL 883814, *7 (M.D. Fla. 2010).

Thus, the undersigned **RECOMMENDS** that Plaintiff's claims against the various officers in their official capacities be **DISMISSED**, and that Plaintiff be allowed leave to amend her complaint to indicate whether she is suing the officers in their individual capacities and whether she is bringing a claim on behalf of her minor children.

### Conclusion

In light of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees **[DE 3]** be **DENIED** without prejudice pursuant to 28 U.S.C. § 1915(a)(1), and Plaintiff's Complaint **[DE 1]** be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as detailed *supra*.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with the Honorable Joan A. Lenard, United States

CASE NO. 10-CV-60130-LENARD/Turnoff

District Judge for the Southern District of Florida, within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144 (11th Cir. 1993); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 28 day of June 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
 All counsel of record